UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY THOMAS,

                              **Petitioner,**

  vs.                                                  9:18-cv-00430
                                                          (MAD/TWD)

WARDEN FCI RAY BROOK,

                              **Respondent.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**GREGORY THOMAS**
13366-052
Ray Brook, Federal Correctional Institution
P.O. Box 900
Ray Brook, New York 12977
Petitioner, *pro se*

**OFFICE OF THE UNITED STATES**        **EMER M. STACK, AUSA**
**ATTORNEY - SYRACUSE**
100 South Clinton Street, Suite 900
Syracuse, New York 13261
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Petitioner Gregory Thomas, an inmate at the Federal Correctional Institution ("FCI") in Ray Brook, New York, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 9, 2018.  *See* Dkt. No. 1.  Plaintiff alleges that the Federal Bureau of Prisons ("BOP") improperly denied him credit toward his federal sentence for time spent in state custody. *See* Dkt. No. 1 at 3.  On June 28, 2021, Magistrate Judge Dancks issued a Report-Recommendation and Order, recommending that Plaintiff's petition be denied and dismissed.  *See* Dkt. No. 15.

1

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Plaintiff has not filed an objection to the Report-Recommendation and Order. When a party declines to file an objection, the court reviews a recommendation for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). Because the Plaintiff has not filed an objection, the Court will review the recommendation for clear error.

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that the petition must be denied and dismissed. Petitioner cannot receive credit toward his federal sentence for the same period of time that was credited toward a state sentence. *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992). Magistrate Judge Dancks correctly noted that the period of time between August 2, 2005 and May 27, 2007 was credited to Petitioner's state sentence, and therefore could not be credited to his federal sentence. Dkt. No. 15 at 8-10.

To the extent Petitioner also seeks review of the denial of a nunc pro tunc designation for the state prison as a place of federal confinement, Magistrate Judge Dancks correctly ruled that the BOP did not abuse its discretion in its denial. The BOP may grant the request for the retroactive designation of the non-federal prison as the institution for service of the federal

sentence, pursuant to 18 U.S.C. § 3621(b).  "The [BOP's] decision regarding nunc pro tunc designation is reviewed for abuse of discretion."  *Jennings v. Schult*, 377 Fed. Appx. 97, 98 (2d Cir. 2010).

The Court agrees with Magistrate Judge Dancks that the BOP did not abuse its discretion in denying the nunc pro tunc designation.  The BOP contacted the federal sentencing judge, Judge Mordue, and adequately considered the factors in 18 U.S.C. § 3621(b) before issuing its denial.  *See* Dkt. No. 5-1 at ¶ 12; Dkt. No. 5-12.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 8, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge